This case seems to have been fairly left to the jury under the charge of the court; evidence was offered on both sides, and the jury were the proper judges of it, and I cannot see any objection to the verdict they have found.
But it has been objected that the testimony of Austin ought not to have been received when he related a conversation between himself and the plaintiff, and also a conversation which had taken place at another time between himself and the witness Bailey. It must be kept in view that at the time when both these conversations took place the title to the horse was either in the plaintiff or in the witness Bailey, and that it was subsequent to that time that any claim was set up to the horse by the defendant. Under these circumstances, it was as proper that those conversations should be given in evidence, as any contract made at that time by the plaintiff and that witness. Evidence of those conversations may not be so strong to fix the title of the horse as a contract made by the parties, but it is evidence tending to the same end.
I therefore think the rule for a new trial should be discharged.
HENDERSON, J., concurred.
PER CURIAM. No error.
Cited: Hoke v. Fleming, 32 N.C. 266; Satterwhite v. Hicks, 44 N.C. 108;March v. Harrell, 46 N.C. 331; Roberts v. Roberts, 82 N.C. 31;Magee v. Blankenship, 95 N.C. 568; Davenport v. McKee. 98 N.C. 506;Burnett v. R. R., 120 N.C. 517; Cuthbertson v. Austin, 152 N.C. 338.
(186)